ROLAND BOTZ ET AL., demandantes y recurrentes, *v.* HALCO SALES, INC., demandada y recurrida; CURTIS DRUMHELLER, CALIFORNIA WINE DISTRIBUTORS CORP., interventores.

*Número:* R-70-349    *Resuelto:* 9 de noviembre de 1972

*Ramírez, Segal & Latimer,* abogados de los recurrentes; *Ramón Luna Torres,* abogado de la recurrida; *Elmer Toro Lucchetti,* abogado de los interventores.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Se trata de una acción de daños y perjuicios. Halco Sales, Inc., es una corporación doméstica que se dedica a la venta y arrendamiento de andamios y equipo de construcción. Le arrendó a California Wine Distributors Corp.—la arrendataria—un andamio, el cual se erigió para un trabajo de pintura. Mientras trabajaban sobre el andamio los demandantes, el andamio se desplomó cayendo aquellos al pavimento y sufriendo daños personales de importancia.

Los demandantes demandaron en daños y perjuicios a Halco Sales, Inc. Esta instó demanda contra tercero contra California Wine Distributors Corp. y otros, basándose en disposiciones del contrato de arrendamiento del andamio celebrado por Halco Sales, Inc., como arrendadora y California Wine Distributors Corp. como arrendataria.

En la demanda original presentada contra la recurrida Halco Sales, Inc., por los demandantes recurrentes éstos alegaron que:

". . . alquilaron a la demandada un andamio de 20′ de alto. Dicho andamio fue entregado por la demandada a los demandantes en forma incompleta y defectuosa lo que causó que el día martes, 21 de enero de 1969 . . . dicho andamio se desplomase y los referidos demandantes cayesen desde una altura de 20′. . . ."

En su demanda enmendada de 2 de noviembre de 1970 los demandantes corrigieron ese error y alegaron que el andamio fue arrendado por Halco (arrendadora) a California Wine Distributors Corp. (arrendataria).

Después de varios trámites procesales que incluyen algunas medidas de descubrimiento de prueba vía interrogatorios escritos, Halco, demandada original, presentó una moción solicitando sentencia sumaria a su favor alegando que entre los demandantes y ella no existe una controversia real. Se basaba en los Exhibits A, B, C y D.

El Exhibit A es una declaración jurada de Florentino Danilo Reyes, Contralor de Halco Sales, Inc., en cuya parte pertinente expresa que el andamio fue arrendado por California Wine Distributors Corp.—la arrendataria—a Halco Sales—la dueña—y no por los demandantes (como por error se había alegado por éstos) y que entre Halco Sales, Inc., y los demandantes no había relación alguna. Los Exhibits B y D son dos comprobantes en el sentido de que California Wine Distributors Corp. recibió de Halco Sales, Inc., el equipo en cuestión y que luego lo devolvió. El Exhibit C es una fotocopia del contrato impreso de arrendamiento que se ejecutó en este

caso y que todo indica es el contrato que Halco Sales, Inc., utiliza cuando arrienda equipo a sus clientes los arrendatarios. La parte pertinente de dicho contrato, a los efectos que nos ocupan, es su cláusula décimotercera.

En síntesis, dicha cláusula décimotercera dispone que la arrendataria erigirá y mantendrá el andamio en forma tal que ofrezca seguridad; que la arrendadora (Halco Sales, Inc.) no será responsable de la erección, operación y mantenimiento del andamio; que la arrendataria asume toda la responsabilidad en caso de reclamaciones que surjan con motivo de la erección, posesión y uso del andamio; y que acuerda relevar a Halco Sales, Inc., de todas esas reclamaciones, si las hubiere. (". . . agrees to hold Halco harmless from all such claims.") La arrendataria también reconoce en la mencionada cláusula del contrato que el andamio que le fue entregado por la arrendadora estaba en buenas condiciones, que fue bien erigido y que era adecuado para el uso a que se le destinaba.

La posición de los demandantes es que su acción es una *ex delicto*, basada en la alegada culpa o negligencia de la demandada Halco Sales, Inc., al entregar un andamio defectuoso, y no una acción *ex contractu* basada en el contrato de arrendamiento entre Halco Sales, Inc., y California Wine Distributors Corp.

Celebrada una vista sobre la moción de sentencia sumaria, el tribunal de instancia dictó Sentencia Parcial declarando con lugar dicha solicitud y desestimó la demanda en cuanto a Halco Sales, Inc., se refiere, con perjuicio, por entender que no existe una controversia real entre los demandantes y Halco Sales, Inc.

Dicha Sentencia Parcial, en su parte pertinente, lee así:

"El Tribunal en vista de la demanda enmendada de 2 de noviembre de 1970, donde se alega la negligencia de California Wine Distributors Corp. y los Exhibits A, B, C y D que se acompañan con la solicitud de Sentencia Sumaria, declara con lugar la misma desestimando la demanda a favor de Halco Sales, Inc.,

con perjuicio por no existir controversia real sobre ningún hecho material entre los demandantes y Halco Sales, Inc."

■ Acordamos revisar. Creemos que no procedía la sentencia sumaria pues está basada en un dato erróneo. En la demanda enmendada de 2 de noviembre de 1970, a la cual se refirió el juez sentenciador, ni en la demanda original o escrito otro alguno de los demandantes aparece que éstos hayan alegado la negligencia de California Wine Distributors Corp. Su alegación siempre ha sido que el andamio fue entregado por la demandada (Halco Sales, Inc.) en forma incompleta y defectuosa, lo que causó que dicho andamio se desplomase y que el referido accidente se debió única y exclusivamente a la negligencia de la parte demandada. Incidió, pues, el tribunal de instancia.

Sin prejuzgar nosotros el asunto de la responsabilidad civil, entendemos por lo anterior que debe revocarse la Sentencia Parcial dictada en este caso por el Tribunal Superior, Sala de San Juan, en 24 de noviembre de 1970 y devolverse el caso al tribunal de instancia para que el mismo prosiga en forma no inconsistente con lo aquí resuelto.

■ Deseamos añadir para mayor claridad en este litigio, y en otros en que venga al caso la relación arrendaticia, que no basta decir que A le arrendó o le alquiló a B determinada cosa. Es necesario decir quién es el arrendador y/o quién es el arrendatario, pues con solamente decir lo primero (que A le arrendó a B) sin especificar lo segundo, lo mismo puede entenderse que A es el arrendador o el arrendatario, o viceversa. Los abogados de los litigantes no deben imponerle al Tribunal la labor de hacer una pesquisa por los autos para hallar hechos pertinentes al caso, los cuales deben surgir de la faz de los mismos.

El Juez Presidente Interino, Señor Pérez Pimentel, concurre en el resultado con voto separado.

—O—

Voto Concurrente del Juez Presidente Interino Señor Pérez Pimentel

San Juan, Puerto Rico, a 9 de noviembre de 1972

Estoy conforme con el resultado pero no por los fundamentos expuestos en la Opinión de la mayoría.

Considero que si Halco Sales, Inc., presentó con su moción de sentencia sumaria prueba (Contrato de Arrendamiento de los Andamios) sobre el buen estado de dicho equipo a la fecha de su entrega, correspondía a los demandantes controvertir ese hecho en la forma que señala nuestra jurisprudencia. A mi juicio quedó controvertido en virtud del interrogatorio contestado por los demandantes Roland Botz y James Robert Bucher, específicamente la contestación a la pregunta (9). A no mediar estas contestaciones, la sentencia sumaria hubiera procedido.